NEWTON VS. KENNERLY.

INTEREST:
A note which contains the following stipulation as to the interest, viz: "With interest at the rate of sixteen per cent. per annum from date," leaves the legal, and not the conventional rate of interest, after maturity.

APPEAL from *Pulaski* Chancery Court.
Hon. J. R. EAKIN, chancellor.
*Gallagher & Newton*, for appellant.
*Farr*, for appellee.

WALKER, J.:
Kennerly filed his bill in equity to foreclose a mortgage given by Newton on certain lands, to secure the payment of the following note:

"LITTLE ROCK, ARK., *March 8th, 1870.*
On or before the 1st day of January, 1871, I promise to pay Wm. C. Kennerly $1,000, with interest at 16 per cent. per annum from date.          R. C. NEWTON."

Upon the note were the following endorsements:

LITTLE ROCK, *February 28th, 1872.*
Three hundred dollars paid on this note, this day.
W. C. KENNERLY.

LITTLE ROCK, *June 19th, 1873.*
Received on the within note one hundred dollars.
W. C. KENNERLY.

Newton was duly served with notice, but made no defense, and judgment was rendered against him by default.

The court below seems to have considered the contract to be for 16 per cent. per annum from date *until paid,* and rendered judgment for the debt, and 16 per cent. interest from date until the 22d January, 1875, the time the judgment

Newton vs. Kennerly.

was rendered, and upon the debt and damages, after judgment 10 per cent. interest per annum until paid.

It is contended by counsel for Newton, that this being a contract for interest, the parties must be held strictly to the terms of their contract, which was 16 per cent. from date until due, *not until paid.*

In thus construing the contract, we think counsel are correct.

Our statute provides, that the rate of interest on contracts, express or implied, for the payment of money, shall be 6 per cent. per annum upon every $100, unless otherwise expressly stipulated by the parties. Here we have an express stipulation as to the rate of interest, but not that it shall continue longer than from date until due. The debt was to be paid on the 1st January, 1871, and it was neither contemplated, nor stipulated that 16 per cent. interest should be charged, after the debt became due; after that date, there was a debt due without stipulation as to the rate of interest, and the general law fixing the rate of interest at 6 per cent. was the law governing future interest, and it was error in the court below to render judgment for a greater rate of interest than 6 per cent. after the note fell due.

The conclusion reached by us is fully sustained by several adjudicated cases directly in point.

In the 'case of *Brewster* v. *Wakefield*, 22 Howard, 118, the note sued upon was given by Brewster on the 11th July, 1854, due twelve months after date, for the sum of $5,583, with interest at the rate of 20 per cent. per annum from date thereof." No defense was interposed in the court below.

The statute of Minnesota fixed the legal rate of interest, where no rate was stipulated by the parties, at 7 per cent. per annum. Thus it is seen that the case came before the Supreme Court of the United States in its legal aspect, just as it is presented in

this case to us. Chief Justice Taney, who delivered the opinion of the court, said: "The appellant's counsel objected to the allowance of more than the legal rate of interest (7 per cent.) after the note became due and payable. Wakefield, on the contrary, claimed that interest should be allowed at the rate mentioned in the note, up to the time of the judgment or decree of sale," and, considering the case thus stated, said: "There is no stipulation in relation to interest after the note became due in case the debtor should fail to pay it, and if the right to interest depended altogether on contract, and was not given by law, in a case of this kind, the appellee would be entitled to no interest whatever after the day of payment.

"The contract being entirely silent as to the interest, if the note should not be punctually paid, the creditor is entitled to interest after that time, by operation of law, and not by the provisions in the contract. * * * The Territorial Court committed an error in allowing, after the note fell due, a higher rate of interest than that established by law, where there was no contract to regulate it. * * * Nor is there anything in the character of this contract, that should induce the court, by supposed intendment of the parties, or doubtful inferences, to extend the stipulation for interest beyond the time specified in the written contract. * * *

" Where a party desires to exact, from the necessities of a borrower, more than three times as much as the Legislature deems reasonable and just, he must take care that the contract is so written, in plain and unambiguous terms; for, with such a claim, he must stand upon his bond."

In a recent decision of the Supreme Court of the United States, *Burnhisell* v. *Fernham,* reported in the American Law Review, April 1876, it seems that the same question again came

before that court, and was decided in affirmance of the opinion of Ch. J. Taney, 22 Howard, above referred to.

In the case under consideration there was no contract for interest, after the note fell due, as there was in the case of *Wilson & Webb* v. *Newton*, decided at the present term.

In that case the parties expressly contracted for a rate of interest until the debt was paid, not until due.

The judgment of the court below must be reversed and set aside, and the cause remanded, that a decree may be rendered for the balance of the debt, after allowing the credits upon the note, which are referred to and admitted in the bill of complaint, and for interest in accordance with the opinion herein.