. PETTIGREW VS. SUMMERS. .

| 32 | 571 |
| 76 | 131 |

INTEREST:

A note which contains a stipulation for interest at the rate of 10 per cent. etc., from date, bears 6 per cent. interest (the legal rate) after maturity, and a judgment thereon should bear 6 per cent. interest.

APPEAL from *Washington* Circuit Court.

Hon. J. M. PITTMAN, Circuit Judge.

*J. D. Walker*, for appellant.

*B. R. Davidson, contra.*

ENGLISH, CH. J.:

On the 17th of March, 1877, Clifford L. Summers, assignee, sued James R. Pettigrew, George H. Pettigrew and Zebulon M. Pettigrew, obligors, and George W. Barnett, assignor, in the Circuit Court of Washington County, on the following writing obligatory.

"Thirty days after date we or either of us promise to pay George W. Barnett, four hundred and fifty three dollars and sixty cents for value received, negotiable and payable without defalcation or discount in United States Currency, with interest at ten per cent. per annum from date. This 12th day of October, 1876.                 J. R. PETTIGREW.     [SEAL.]

GEO. H. PETTIGREW.    [SEAL.]

Z. M. PETTIGREW.     [SEAL.]"

Endorsed: "For value received, I assign the within note to C. L. Summers.               GEORGE M. BARNETT."

The defendants pleaded in abatement a variance between the writ and complaint as to the christian names, or initials, of some of the parties; the court permitted the plaintiff to amend the complaint so as to correspond with the writ, and then overruled the plea.

Motions were also filed to quash the writ because it was directed to and served by the Coroner, which were heard and overruled by the court.

The defendants making no further defense, the court, on the 11th day of May, 1877, rendered the following judgment :

"It is therefore considered by the court that said plaintiff have and recover of said defendants the of sum four hundred and fifty three dollars and sixty-one cents for his debt, and the sum of twenty six dollars and forty-six cents, for his damages by way of interest, and that this judgment draw interest at the rate of ten per cent. per annum from this date, and that said plaintiff recover from said defendants all his costs herein."

Defendants appealed.

The legal effect of the contract sued on is, that the obligors agreed to pay interest on the debt at the rate of 10 per cent. per annum from the date of the obligation for thirty days, the time of its maturity, and the contract being silent as to the rate of interest to be paid on the debt after due, the words "*until paid*" being omitted in the interest clause, the debt bore the legal rate of interest only after maturity, as held in *Newton* v. *Kennerly*, 31 Ark., 626 ; and *Rogan* v. *Bell et al.*, *ante.*

This judgment should have been for the debt $453.61, and for damages $17.38, made up of 10 per cent. interest upon the debt for thirty days from the date of the note (to the 11th November,) and of 6 per cent. upon the debt from that day until the day of the entering of the judgment.

Inasmuch as the note bore but 6 per cent. interest at the time the judgment was rendered, the debt and damages should have been made to bear that rate of interest, instead of 10 per cent. from the date of the judgment until paid.

Error appearing upon the face of the judgment, it must be reversed to the extent of the excess of interest allowed, as above indicated, with a mandate to the court below to modify its judgment accordingly. *Badgett* v. *Jordan*, *ante.*