MINNEAPOLIS & NORTHERN ELEVATOR COMPANY *vs*. EMIL BETCHER.

December 24, 1889.

Pledge—Duty of Pledgee in respect to Selling—Request of Pledgor to Sell.—In the case of a pledge, in the absence of an express contract making it the duty of the pledgee to sell the property within a specified time, the duty of the pledgee is to exercise ordinary care, and he is liable only for neglect of such care. The pledgor cannot make it the duty of the pledgee to sell merely by requesting or directing him so to do after the contract of pledging has been made. Following *Cooper* v. *Simpson*, 41 Minn. 46.

Appeal by plaintiff from an order of the district court for Norman county, refusing a new trial after trial before *Mills*, J., and verdict of $76.95 for plaintiff. The action was brought on two promissory notes, for a balance of $118.17, with 10 per cent. interest from March 11, 1887.

*Phelps & Calkins* and *Mason & Hilton*, for appellant.

*John M. Martin*, for respondent.

MITCHELL, J. As collateral security for two promissory notes, payable on or before July 1, 1886, the defendant pledged to plaintiff a quantity of wheat, authorizing it to sell the same, with or without notice, either at public or private sale, at its option, on the notes becoming due, or before, if it deemed itself likely to become insecure by keeping the wheat until the notes became due. Default having been made in the payment of the notes, the wheat was sold by the

plaintiff in March, 1887, and, not realizing enough to pay the claims in full, this action was brought to recover the deficiency.

The only defence relied on at the trial was that set up in the amended answer, to wit, that on or about May 1, 1886, the defendant ordered the plaintiff to sell the wheat; and, this not having been done, it was claimed that the plaintiff was chargeable with the market value of the wheat at that date, which, although less than the amount of the notes, would have netted more than in March, 1887. The court charged the jury, in substance, that if the defendant, in May, 1886, requested plaintiff to sell the grain, he was entitled to credit for what it would have brought at that date. . This instruction proceeded upon an entirely erroneous theory as to the rights and duties of pledgor and pledgee. The case is controlled by the familiar rules on that subject stated in *Cooper* v. *Simpson*, 41 Minn. 46, (42 N. W. Rep. 601.) In the absence of an express contract between the pledgor and pledgee, making it the absolute duty of the latter to sell at a specified time, he is not obliged to sell even when requested so to do by the former. The power to sell is a right, and not a duty. The exercise of ordinary care in respect to the thing pledged is the duty which the law imposes on the pledgee, and for the breach of that duty only does he become liable. After the contract of pledging is made, neither party can, by anything he alone may do, vary the duties or powers attaching to the relation. Of course the condition and character of the property might be such that a failure to sell would amount to a want of ordinary care; and it may be, as held in some cases, that a request to sell might be an element in the proof of negligence. But no such questions are presented in this case. The answer and the charge of the court proceed upon the theory, that, independently of any question of negligence in the care of the property, it is the absolute duty of the pledgee to sell whenever requested by the pledgor.

Order reversed.