## JOHNSON v. MEYER.—No. 1.

Decided April 25, 1891.

1. *Master's report—Manner of taking testimony.*
   Where a master's report contained *an abstract only* of the evidence taken before him, a party present at the examination of witnesses, who did not at the time except to the form of preserving the evidence, nor object in court to its substantial correctness, cannot complain that the evidence was not reduced to writing in the form required by the statute.

2. *Interest.*
   On any agreement to pay interest at the rate of 10 per cent., nothing more being specified, only 6 per cent. interest will be allowed after maturity.

3. *Mortgage—Notice of sale.*
   A provision in a mortgage fixing the length of time for giving notice of a sale under the power therein has no application to a sale under a decree of foreclosure.

APPEAL from *Chicot* Circuit Court in chancery.
CARROLL D. WOOD, Judge.

In June, 1881, W. W. Johnson mortgaged certain lands to Adolph Meyer to secure a note for $934 and advances. Later, in March, 1883, he gave a deed of trust, conveying certain lands and personalty, to secure a debt to Meyer of $860, as evidenced by account; also to secure $1000 advances to be made by Meyer. The trustee was authorized to sell on thirty days' notice. There was a written agreement dated the same day as the deed of trust, purporting to be made between Meyer and Johnson, to the effect that notice of sale under it should be for twelve months instead of thirty days, as therein declared; that Meyer should make advances at cash prices, and that he should charge 10 per cent. interest thereon.

In 1884 Meyer had the lands advertised for sale under both mortgages. Johnson brought suit to enjoin a sale under the first mortgage, claiming that the indebtedness it secured was embraced in the second mortgage. Meyer answered, denying that the note for $934 was embraced in the second mortgage; by way of cross-complaint he asked that

the mortgages be foreclosed. A master was appointed to take testimony. Upon his report a decree of foreclosure of both mortgages was rendered, from which Johnson has appealed. The grounds of his exceptions are stated in the opinion.

*D. H. Reynolds* for appellant.

1. The court erred in overruling the third exception to the master's report. He did not take and reduce to writing and return, as required by law, the evidence upon which he based his findings, and plaintiffs were thus deprived of such testimony upon the hearing.

2. It was error to allow interest at 10 per cent. on the account for 1883, after its maturity.

3. The preponderance of the evidence is that the $934 note was merged and paid in the settlement of March 31, 1883

4. The court erred in directing a sale to be made on notice, as required by law for sales under execution. The deed of trust fixed the time, and the court could not make a new contract for the parties.

*U. M. & G. B. Rose* and *James F. Robinson* for appellees.

1. Unless the order of reference requires the master to reduce the testimony to writing and return same into court, it is not incumbent on the master to do so. 36 Me., 116; 27 Vt., 693; 5 Ind., 422; 52 Me., 132; *ib.*, 147; 3 Cliff., 149; 82 Va., 751. The statute does not require him to return it into court. Mansf. Dig., sec. 5266.

2. No exceptions were taken to the ruling on the master's report, and there is no question as to that ruling on appeal. 36 Ark., 452; 41 *id.*, 535; 51 *id.*, 442; 52 *id.*, 318.

4. The agreement fairly imports that the agreed rate of interest shall continue until the account is paid, but if not, we ask leave to remit excess.

5. The testimony supports the finding as to the $934 note.

6. The notice in the deed relates only to a sale under the power. All sales under decrees are governed by the statute. Mansf. Dig., sec. 3049. The matter otherwise was within the discretion of the court. 2 Jones, Mortg., sec. 1612; 23 Ark., 39.

HEMINGWAY, J. This appeal presents several matters of alleged error, the first of which goes to the entire decree, while the others relate to the determination of the several matters in controversy. The court below made an order of reference to a master, directing that he take proof and report: (1) Whether the note executed by W. W. Johnson to A. Meyer, in June, 1881, had been included in subsequent settlements between the parties; and (2), What amount was due from Johnson to Meyer growing out of transactions for the year 1883. The master reported that the note was not included in any subsequent settlement, and that there was due to Meyer, on account of the transaction of 1883, a balance of $514.56 with interest; and further reported that this sum was exclusive of $566 which had been sued for in another case. The master appended to his report what he certified to be " an abstract of the evidence taken before " him. The appellants excepted to his report, and for grounds alleged the following:

1. The master computed interest at 10 per cent. instead of 6 per cent, and same was against plaintiffs.

2. The master did not take and reduce to writing and return the evidence as required by law and custom, and plaintiffs were deprived of such testimony in presenting their case to the court.

The court overruled the second ground of exception, but took no formal action as to the other. Error is charged both as to the action taken and the court's failure to act. The point raised by the ground not formally passed upon was involved in the final consideration and determination of the cause, and the decree settles it adversely to appel-

lants; so whatever of force it possesses may be directed against the decree.

**1. Master's report—Mode of taking testimony.**    1. As to the second ground, we are satisfied that the master's report does not meet the requirement of the statute. It provides that the master shall reduce to writing the testimony of all the witnesses examined by him and return the same to the court with his report. Mansf. Dig., secs. 5266–5270. But it further provides that he shall give notice to the several parties of the time and place of taking testimony by him, and this is provided in order that they may attend and guard their interests. Mansf. Dig., sec. 5264. The master in this case seems to have given the notice required, and the several parties attended the taking of testimony. They saw the manner in which it was being taken, and appear to have interposed no objection to it, and to have made no demand that it be taken in formal depositions, as the statute seems to contemplate. Mansf. Dig., sec. 5270. If the appellants had excepted at the examination to the form of preserving the evidence, or in court to its substantial correctness, a different question would be presented. But we think it is too late, after a report is made upon the evidence taken and a result arrived at not satisfactory to appellants, for them to raise exceptions to the mere form in which the testimony was reduced to writing. We understand the master to certify that he appends the substance of the testimony taken, which he further certifies was reduced to writing by him at the time of the examination, though not read to or signed by the witnesses. That he faithfully attempted to present every material fact of the evidence, is implied from the certificate; and though a failure in such attempt is so probable as to condemn the practice without reserve, still, if the attempt is made with the knowledge and acquiescence of the parties, it will be presumed to embody the evidence, if unchallenged in that regard. The exception contains no allegation that the abstract made omits any material fact, or in any way fails to reflect the statements of the witnesses; but it is silent as to this, and challenges the report because

the evidence was not reduced to writing in the form required. We think the court properly overruled it, because it failed to allege that the abstract in material respects did not contain the evidence really given by witnesses. If it did contain the evidence, the failure complained of was without prejudice. The appended abstract should be treated as the evidence taken, and the decree as overruling the other exceptions.

2. By the terms of the mortgage sued on, dated March 31, 1883, the debt for advances that year matured on the 14th of February, 1884, and, by the terms of a contemporaneous agreement, the several items of such indebtedness were to bear interest at the rate of 10 per cent. per annum. The court found that Johnson owed Meyer a balance for such advances of $514.56 on January 1, 1884, and decreed payment of that sum with interest at 10 per cent. per annum until paid. It is insisted that the court erred in fixing the amount due, and also in allowing 10 per cent. interest after maturity of the debt. We think the testimony sustains the court's finding as to the amount due; but, as Johnson had agreed to pay the sums owing for advances on February 14, 1884, with interest on the several items at 10 per cent. per annum, we think the agreement for interest should be construed as similar agreements in notes, and should not control after maturity of the debt. The interest should have been allowed at 10 per cent. until February 14, 1884, and after that at 6 per cent. per annum.

*2. Mode of computing interest.*

3. It is urged in the last place, that the court erred in directing a sale to be made upon twenty days' notice, because the mortgage provides for a notice of thirty days, while the contemporaneous agreement provides for a year's notice. The provisions relied on have reference to notice of sale under the power in the deed, and have no reference to sale under judicial decree.

*3. Notice of mortgage sale.*

The decree was right in all respects, except in allowing interest on the account for 1883 at 10 per cent. until paid. In this it was erroneous, and must be modified, as we have

above indicated. The judgment will be reversed, and the cause remanded with directions to enter judgment in accordance with this opinion and for further proceedings.