## JOHNSON v. DOWNING.

### Opinion delivered June 17, 1905.

1. NOTE—WAIVER OF DEMAND AND NOTICE.—A debtor who transfers a note as collateral security to his creditor waives any liability to him as indorser by reason of the creditor's failure to make demand and give notice of nonpayment by subsequently executing a note and mortgage to the creditor for the full amount of his debt. (Page 130.)

2. COLLATERAL SECURITY—NEGLIGENCE.—A creditor is bound to use only reasonable diligence to collect a collateral security, and is liable only for gross negligence in failing to take proper steps to effect a collection and protect the debtor from loss. (Page 130.)

3. SAME—EFFECT OF DELAY IN COLLECTING.—A creditor is not liable for mere delay in enforcing collateral security, especially where there has been no demand upon him to sue the makers of the note. (Page 131.)

4. NOTE—RATE OF INTEREST.—Where a note stipulates that it should bear interest from date at the rate of ten per cent. per annum, without stipulating for interest after maturity, it bears interest at the rate of ten per cent. from date until maturity, and thereafter at six per cent. (Page 131.)

Appeal from Poinsett Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Reversed.

#### STATEMENT BY THE COURT.

Appellants, Johnson, Berger & Company, a firm of merchants at Jonesboro, Ark., brought this suit in chancery to foreclose a mortgage executed to them by appellee, A. R. Downing, on January 3, 1899, upon certain land in Poinsett County, to secure payment of a debt in the sum of $521.31, evidenced by promissory note. The greater part of the note is admitted to have been paid, the only dispute being as to two credits claimed by appellee which, if allowed, extinguished the balance of the debt. These disputed credits are as follows· That appellee indorsed and delivered to appellants as collateral security the negotiable promissory note of one Cox and two other persons

for the sum of $100, dated September 27, 1898, due and payable forty-nine days after date, but which was never paid, nor the amount credited to appellee, though the appellants could, so it is alleged by appellee, by proper diligence, have collected said note; and he alleges that appellants neglected to present said note at maturity to the makers and to notify appellee, as indorser, of the nonpayment thereof. Also that appellee indorsed and delivered to appellants, as collateral security, the note of one Cahoon for the sum of $80, secured by chattel mortgage, and that appellants, without the knowledge or consent of appellee, permitted Cahoon to sell the mortgaged chattels to other parties, who assumed payment of the note, but paid only $70 thereof, and that the balance of $10 and interest should be credited on appellee's note. These two credits, if allowed, are sufficient to extinguish the balance claimed by appellants to be unpaid on appellee's notes.

The chancellor found in favor of the defendant, allowing the credits, and entered a decree accordingly, from which decree the plaintiffs, Johnson, Berger & Co., appealed.

*Frierson & Frierson,* for appellants.

Downing transferred the Cahoon note, without indorsement, as collateral, and was not entitled to notice as an indorser. 2 Dan. Neg. Inst. § § 995a, 1176; 7 Cyc. 1076; 2 Rand. Com. Pap. § 760; Tied. Com. Pap. § 367; 2 How. 445; 1 Dan. Neg. Inst. § 821. Downing was a guarantor of payment of the Cox and Cahoon note, and not entitled to require demand or notice. 7 Cyc. 660; 4 Am. & Eng. Enc. Law, 494; Brandt, Suretyship & G., 210; 11 Metc. 563; 24 Ark. 511; 4 Ark. 85; 29 L. R. A. 612; Tied. Com. Pap. § 270; 2 Dan. Neg. Inst. 1765; 14 Am. & Eng. Enc. Law, 1136; 59 Ark. 86; 68 Ark. 423; 71 Ark. 585; Brandt, Suretyship & G. § 175. Demand was duly made, and notice to Downing duly given. 2 Dan. Neg. Inst. § § 1150, 1156; 2 Rand. Com. Pap. § 1316; Tied. Com. Pap. § 365; 7 Cyc. 1134; 4 Am. & Eng. Enc. Law, 464; 26 Ark. 155; 7 Ark. 542; 13 Ark. 401. Downing's defense is precluded by an account stated. 1 Cyc. 364-381; 1 Am. & Eng. Enc. Law, 436-456; 68

Ark. 538; 41 Ark. 502; 53 Ark. 155. Demand and notice was waived by Downing. 7 Cyc. 1124; 2 Dan. Neg. Inst. § § 1090, 1147-1168; 4 Am. & Eng. Enc. Law, 453-466; 2 Rand. Com. Pap. § § 1316, 1356; Tied. Com. Pap. § 363; 26 Ark. 155; 13 Ark. 401; 45 Conn. 246; 14 Me. 48.

*N. F. Lamb* and *J. F. Gautney,* for appellee.

The indorser of a note binds himself to pay upon condition of the failure of the maker to pay after demand and notice. 24 Ark. 263; 7 Cyc. 904; 11 Ark. 504; 14 Ark. 127, 334; 69 Ark. 270.

McCULLOCH, J., (after stating the facts.) According to the pleadings and testimony in the case, the Cox note was delivered by appellee to appellants as collateral security for debt owing by the former to the latter. The note bears date of September 27, 1898, and was payable in forty-nine days after date, and therefore fell due on November 15, 1898. The evidence is conflicting as to whether appellants presented this note to the makers, and in due time notified appellee of its nonpayment; but it is undisputed that the note was indorsed and delivered to appellants by appellee before maturity, or at least some time before the date of the execution of appellee's note to appellants, December 13, 1898. This being true, appellants cannot be held liable for a failure to make demand of payment and give notice of nonpayment. Appellee, by subsequently executing to appellants his note and mortgage for the full amount of his debt, waived any liability of appellants to him as indorser by reason of their failure to have made demand and given notice of nonpayment. If he intended to insist upon a credit of the amount of the Cox note, he should have claimed it before executing his note to appellants for the full amount of his debt.

By retaining possession of the Cox note as collateral security to appellee's note to them, appellants were bound only to use reasonable diligence to collect it, and are liable only for negligence in failing to take the proper steps to collect the note and protect appellee from loss. Colebrooke on Col. Securities, § 114; Jones on Pledges & Col. Securities, § § 692, 693; 22 Am. & Eng.

Enc. Law, pp. 901, 902; *Hanover Nat. Bank* v. *Brown* (Tenn.), 53 S. W. 206; *Reeves* v. *Plough,* 41 Ind. 204; *Cooper* v. *Simpson,* 41 Minn. 46, 42 N. W. 601, 4 L. R. A. 194, 16 Am. St. Rep. 667.

The evidence in this case does not show (the burden of proof being upon the appellee to establish that fact) that appellants failed to exercise due diligence to collect the note, or that any loss resulted from appellants' alleged failure to present the note for payment and promptly notify appellee of the nonpayment. Appellants were not liable for mere delay in enforcing the collateral, especially where there has been no demand upon them to sue the makers of the note. Colebrooke on Col. Securities, § 208; *Friend* v. *Smith Gin Co.,* 59 Ark. 86; 26 S. W. 374.

Appellee had a perfect right to pay off the debt to appellants at any time, and require a surrender of the collateral note; but, having failed to do this, or make demand upon appellants to sue on the note, he cannot complain of mere delay on the part of appellants in forcing payment of the collateral note. The same may be said of the Cahoon note. The evidence does not show that appellants ever accepted the note as a *pro tanto* payment, or otherwise than as collateral security, or that they ever consented to a sale of the mortgaged chattels. At most, they were only guilty of delay in bringing suit to enforce the security. We think the chancellor erred in allowing appellee credit for either of these notes.

The note sued on stipulated that it should bear "interest from date at the rate of ten per cent. per annum," without any stipulation for interest after maturity. Under the rule established by many decisions of this court, interest must be computed at the rate of ten per cent. from date to maturity, and thereafter at six per cent. *Newton* v. *Kennedy,* 31 Ark. 626, 25 Am. Rep. 592; *Pettigrew* v. *Summers,* 32 Ark. 571; *Gardner* v. *Barrett,* 36 Ark. 476; *Johnson* v. *Myer,* 54 Ark. 437, 16 S. W. 121. Computing interest according to this rule, and after allowing appellee all credits for payments made, including the payment of $56.09 made since the commencement of this suit, we find that appellee is still indebted to appellants in the sum of $124.38, with interest at six per cent. per annum from February 4, 1902, the date of the last payment.

The decree is therefore reversed and remanded, with directions to enter a decree in favor of appellants for the above amount and interest aforesaid, and costs of suit, and that the mortgage be foreclosed.