People's Bank of Waldo *v.* Mendenhall.

Opinion delivered June 19, 1922.

1. PLEDGES—AGREEMENT OF PLEDGEE TO INSURE—EVIDENCE.—In an action on a note secured by pledged cotton, which was destroyed by fire without insurance, evidence *held* sufficient to authorize submission of an issue as to whether plaintiff agreed to keep the cotton insured.

2. PLEDGES—FAILURE OF PLEDGEE TO INSURE—DAMAGES.—Where cotton, pledged as security for a note, is destroyed by fire without insurance, the measure of damages for pledgee's failure to keep it insured, as agreed, is the insurable value of the cotton at the time of its destruction.

3. PLEDGES—FAILURE OF PLEDGEE TO SELL.—A bank with which cotton was pledged as security for a note would be liable, if it agreed to sell the cotton on pledgor's direction, for any loss sustained by a decline in price, after failure to sell when directed, such agreement imposing on the pledgee the duties of an agent or factor as well, but, in the absence of such agreement, such duty could not be imposed by the pledgor's subsequent direction.

4. PLEADING—INCONSISTENCY OF DEFENSES.—In an action on a note secured by pledged cotton, which was destroyed by fire, there was no inconsistency between defenses that plaintiff failed to insure the cotton as agreed, and that it failed to sell it and apply the proceeds on the debt when directed by defendant, as liability might arise from failure to perform either duty, though the measure of damages would not be the same.

5. PLEDGES—FAILURE TO SELL—MEASURE OF DAMAGES.—The measure of a pledgee's liability for failure to sell, or to permit the pledgor to sell the pledged property and apply the proceeds on the debt secured, as agreed, for an unreasonable length of time after being directed to sell by the pledgor, where the property was destroyed by fire before sale, is not the value thereof when instructed to sell, but the loss in value caused by the failure to sell or to permit the pledgor to sell.

6. Pledges—instruction.—Where, in an action by a bank on a note for which it had held in pledge cotton that was subsequently destroyed by fire, the pledgor claimed damages both for failure of the pledgee to insure the cotton as agreed and for its failure for an unreasonable length of time to sell the cotton after direction to do so, an instruction that, upon failure to sell as directed, the pledgor was liable for the full value of the cotton at the time the pledgee was instructed to sell was prejudicial, in view of a verdict for the full value of the cotton.

Appeal from Nevada Circuit Court; *George R. Haynie*, Judge; reversed.

*Tompkins, McRae & Tompkins*, for appellant.

After a contract of pledging is made, neither can by anything he alone may do vary the duties or powers attaching to the relation. 21 R. C. L. 663; 4 L. R. A. 194. The duty of the pledgee is to exercise ordinary care, and he is liable only for neglect of such care. 44 N. W. 5.

The law imposed no duty upon the bank to sell the cotton. It would not be liable for its loss except for negligence. 50 Ark. 229; 17 L. R. A. 193.

*Bush & Bush*, for appellee.

SMITH, J. This is an appeal from a judgment in favor of the defendant in a suit by the People's Bank of Waldo against T. J. Mendenhall on a promissory note for $1,030.42.

On August 29, 1918, when defendant first borrowed the money represented by the note sued on, he deposited nine bales of cotton in pledge with the bank as collateral to his note, and, by way of defense to the suit on the note, he alleged that the bank had agreed to keep the cotton insured, and had failed to do so, and that the cotton had been destroyed by fire. The value of the cotton at the time of the fire was alleged to be $605.64, and a credit for that amount was prayed.

It is insisted that there was no testimony upon which to submit this issue to the jury. But we think there was. The defendant testified that when he applied for a loan the cashier of the bank told him the

loan would be made upon the condition that the bank be authorized to insure the cotton and to keep it insured until the cotton was sold, and defendant be charged with the ·cost. of the insurance. The defendant agreed to this arrangement, and the loan was made on these terms. Three separate policies of insurance were taken out by the bank, the last of which expired September 20, 1920. The premiums on all these policies were charged to defendant, and were paid by him when he paid the interest on the notes. The last renewal of the note was on June 23, 1920, and this is the note sued on. This was a note payable on demand, and defendant says it was so made payable because he then gave orders that the cotton be sold without further delay.

On this phase of the case the court, at defendant's request and over plaintiff's objection, gave instruction numbered 1, reading as follows: "You are instructed that, if you find from the evidence that the defendant deposited with the plaintiff the warehouse or compress receipts for cotton as a pawn or pledge for the security of the defendant's debt to the plaintiff, and that it was the contract between the plaintiff's agent and the defendant that the plaintiff should keep said cotton insured, and it failed to do so, and the cotton was destroyed by fire without insurance, then the plaintiff would be liable to the defendant for the insurable value of the cotton at the time of its destruction by fire." This instruction is a correct declaration of the law, and we think it is not abstract.

The court gave, at defendant's request and over plaintiff's objection, an instruction numbered 2, reading as follows: "You are further instructed that, if you find from the evidence that the defendant turned over to the plaintiff the receipts for his cotton which had been pledged to the plaintiff as security for his debt, with instructions to the plaintiff to sell said cotton and apply the proceeds on defendant's debt to plaintiff, and if you further find that the plaintiff negligently

failed to sell said cotton, as requested by the defendant, for an unreasonable length of time, or to permit defendant to do so, and the same was destroyed by fire before sale, then you are instructed that the plaintiff would be liable to the defendant for the value of the cotton at the time the plaintiff was instructed to sell the same, and you will so find." Numerous objections were offered to this instruction. The first was that the answer alleged no breach of contract on the part of the bank to sell the cotton, and this objection is well taken. It is insisted, however, that testimony on this phase of the case was offered without objections until after the case had been closed and the court was engaged in settling the instructions, and that the answer should therefore be treated as amended to conform to the unobjected-to testimony. It is insisted that the defenses of a failure to insure and of a failure to sell are inconsistent, and that the instruction dealing with the failure to sell is abstract, in that the testimony does not show an agreement on the part of the bank to sell the cotton on the order of the defendant, and that, in the absence of such an undertaking on the part of the bank, that obligation could not be imposed by a mere direction from the defendant.

We do not feel called upon to decide whether objection to the admission of testimony in regard to a breach of a contract to sell was offered in apt time or not, as the judgment must be reversed for the reason hereinafter stated, and the testimony on the part of the defendant is sufficient to raise that issue.

The defendant testified that the cashier of the bank agreed to sell the cotton upon defendant's order, and on one occasion excused his failure so to do by stating that the market was unfavorable, and that sale would be made when the market was up. Defendant stated that he then renewed the direction to sell, but this direction was not obeyed; that the cotton could have been sold when the direction to sell was first given at from thirty to thirty-

two cents per pound, but it depreciated in value until it was worth only about fourteen cents at the time of the fire.

If the representative of the bank agreed to sell the cotton upon the direction of the defendant, the sale should have been made when the direction was given, and the bank would be liable for any loss sustained by a subsequent decline in price, for this agreement to sell would impose on the bank not only the duties of a pledgee, but the additional duties of an agent or factor. Sec. 65 Lawson on Bailments. If, however, the bank assumed no obligation to sell the cotton as a part of the contract whereby it was pledged, then the duty to sell could not be imposed on the bank by the subsequent direction of the defendant. Jones on Collateral Securities (Pledges) 3rd Ed., § 606, p. 727; 21 R. C. L., title "Pledge," §§ 26 and 49; *Minneapolis and N. Elevator Co.* v. *Betcher,* 44 N. W. 5; *Cooper* v. *Simpson,* 42 N. W. 601, 4 L. R. A. 194; see also *Lake* v. *Little Rock Trust Co.,* 77 Ark. 53; *Robinson* v. *Hurley,* 11 Iowa 410; *Granite Bank* v. *Richardson,* 7 Metcalf's Reports (Mass.) 407; Story on Bailments (8th Ed.) § 320, p. 270.

There is no testimony that the bank refused to permit defendant to sell, and we need not therefore consider the law of that situation.

We do not think there is any inconsistency between the defenses interposed by defendant, that the bank failed in its duty to insure and also to sell. As we have said, liability might arise out of a failure to perform either duty; but the measure of damages would not be the same in both cases.

Instruction numbered 1 correctly told the jury that, if the plaintiff was liable for failure to insure the cotton, under the facts there hypothetically stated, the plaintiff would be liable for the *insurable* value of the cotton.

Instruction 2, set out above, deals with liability for failure to sell, and, as we have said, the testimony of de-

fendant makes a case for the jury on this issue which should be submitted in instructions declaring the law as herein announced. It may be said, in this connection, that the declaration in regard to the measure of damages in instruction numbered 2 is incorrect. This instruction tells the jury to find for the defendant for the value of the cotton at the time plaintiff was instructed to sell, if the finding was made that plaintiff had negligently failed to sell the cotton as requested by defendant for an unreasonable length of time, or to permit the defendant to sell; whereas the measure of this liability would be only the loss in value consequent upon the failure to sell or to permit defendant to sell. The effect of the instruction given on this subject is to treat a mere failure to sell as tantamount to a conversion of the cotton.

The bank was not responsible for the fire; but if it was liable for failure to insure, then the measure of that liability would be as stated in instruction numbered 1— the insurable value of the cotton at the time of the fire.

Included in the answer was a prayer for judgment for one-half the face of a note which belonged to defendant and one R. R. Fairchild jointly, and which had been deposited with the bank as additional collateral to the note sued on. The bank had collected this note, and did not question defendant's right to one-half the proceeds of the collection, amounting to $303.32. The verdict and judgment was in defendant's favor for this amount, thus indicating that the jury found the bank's liability, on account of the cotton, equaled the principal and interest of the note sued on. The note with interest to the time of the trial amounted to $1,142, and as there were only 3,764 pounds of the cotton, the jury must have assessed its value at something more than thirty cents per pound, whereas the answer had alleged its value to be only $605.54. This verdict may indicate a finding of liability against the bank both for a failure to sell and a failure to insure, as the verdict equals the

value of the cotton at the time defendant claims he directed the cotton to be sold; but we cannot know that this was true, as instruction numbered 2 authorized this verdict upon the finding only that there had been a failure to sell pursuant to directions to that effect.

For the error, therefore, in giving the instruction numbered 2, the judgment must be reversed and the cause remanded for a new trial.